UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Ramsey Hill,<br><br>    Defendant | 2:16-cr-00114-JAD-GWF<br><br>**Order Overruling Objections, Adopting Report and Recommendation, Denying Motion to Suppress, Denying Motion in Limine and Motion to Strike Supplement**<br><br>[ECF Nos. 21, 41, 45, 47, 64] |

    Ramsey Hill stands charged with one count of being a felon in possession of a firearm.[1] He moves to suppress the pistol that was recovered from beneath the seat in the car he was riding in during a March 2016 traffic stop.[2] Hill argues that police officers did not have a legal basis to stop the car and that the Government cannot show that the officers obtained consent to search it.[3]

    Following an evidentiary hearing, Magistrate Judge George Foley, Jr. recommends that I deny Hill's motion.[4] He found that the stop was lawful because officers observed the car traveling without its headlights illuminated. He also concluded that the Government did not establish consent to the search that revealed the gun, but because Hill had no expectation of privacy in the car, he lacks standing to challenge the unlawful search.

    Hill objects, arguing that the officers' testimony at the evidentiary hearing was so unreliable that it should have been completely ignored, and Judge Foley could not have reasonably credited their account of the legal basis for the stop while, at the same time, disregarding their claim that the

---

[1] ECF No. 1.

[2] ECF No. 21.

[3] ECF No. 21 at 2, 7.

[4] ECF No. 41.

driver gave consent for the search.[5]  Having reviewed the objected-to portions of Judge Foley's findings and conclusions de novo, I find that Hill grossly overstates the unreliability of the officers' testimony and Judge Foley's assessment of it, particularly in light of other record evidence.  I thus overrule Hill's objections, adopt Judge Foley's report and recommendation, and deny Hill's motion to suppress.

Hill also filed a motion in limine[6] and a supplement to his reply in support of the motion in limine[7] seeking to preclude the officers' testimony at trial, arguing that these witnesses are so unreliable that the Government will be suborning perjury and violating due process by calling them.  The Government opposes the motion and moves to strike the supplement.[8]  Because I find the credibility concerns exaggerated and no legal basis to grant such aggressive relief under these circumstances, I deny Hill's motion in limine and the Government's motion to strike Hill's supplement to his reply.

I.   **Hill's motion to suppress**

Hill moves to suppress the firearm found below the seat in the Mercury Grand Marquis he was riding in on March 11, 2016.  He argues that the officers lacked reasonable suspicion to stop the car, which was driven by Phillip Nelson and owned by Nelson's parents.  And he contends that the search was conducted without valid consent.[9]  The Government opposes the motion, disputing Hill's assessment of the evidence,[10] and it supplemented its briefing by pointing out that Hill, a mere

---

[5] ECF No. 45.

[6] ECF No. 47.

[7] ECF No. 63.

[8] ECF No. 64.

[9] ECF No. 21.  Hill also originally moved to suppress DNA evidence found on the gun, ECF No. 21 at 8–9, but since withdrew that portion of the motion when his "DNA was not found on the gun." ECF No. 45 at 3.

[10] ECF No. 25.

passenger in the borrowed car, lacks standing to challenge the vehicle's search.[11]

Magistrate Judge Foley conducted an evidentiary hearing on the suppression motion and recounted the events as established by the evidence in his Findings and Recommendations.[12] Having reviewed the evidence received at, and the transcript of, that hearing[13]; and having also listened to the audio recording of that hearing to better evaluate the witnesses' testimony, I find that Judge Foley's summary of the events as established by the evidence is accurate. So I adopt the "Background" portion of his Findings and Recommendations in toto, and I do not restate those events here because the parties are familiar with them.[14]

In the "Discussion" section of his Findings and Recommendation, Judge Foley found that: (1) the stop of the car in which Hill was a passenger was based on probable cause to believe that a violation of a traffic law had occurred; (2) Hill was not unlawfully detained during the stop; and (3) the Government did not establish that the officers obtained the driver's consent to search the vehicle; but (4) it did not matter because Hill did not have a possessory interest in the automobile and, therefore, did not have a reasonable expectation of privacy in its interior, including the area under the front passenger seat where the gun was found; so (5) Hill lacks standing to challenge the legality of the search.[15] Judge Foley, therefore, recommends that Hill's motion to suppress be denied.[16]

Hill objects. He argues that Judge Foley's conclusion that the officers' testimony about obtaining consent to search was not credible should have caused him to reject the entirety of their testimony, including their claim that the car's headlights were off when they spotted it.[17] And

---

[11] ECF No. 33.

[12] ECF No. 41.

[13] ECF No. 44.

[14] ECF No. 41 at 1–4.

[15] *Id.* at 8.

[16] *Id.*

[17] ECF No. 45.

without their testimony about the legal basis for the vehicle stop, the Government cannot establish a lawful stop or detention of Hill, and the exclusionary rule requires the gun be suppressed. Hill does not challenge the magistrate judge's conclusions that, with a lawful stop, his removal from the vehicle and detention during the approximately five minutes between the stop and the discovery of the gun were proper.[18] Hill's objection thus hinges entirely on whether the magistrate judge properly credited the officers' testimony about the basis for the traffic stop.

### A. Standard of review

A district court reviews objections to a magistrate judge's proposed findings and recommendations de novo.[19] "The district judge may accept, reject, or modify the recommendation, receive further evidence, or resubmit the matter to the magistrate judge with instructions."[20] The standard of review applied to the unobjected-to portions of the report and recommendation is left to the district judge's discretion.[21] Local Rule IB 3-2(b) requires de novo consideration of specific objections only.[22] Because Hill challenges only Judge Foley's decision to credit the officers' testimony about the basis for their traffic stop, I evaluate only that issue de novo. I adopt all other findings and conclusions without further review.

### B. The record supports Judge Foley's assessment of the Officers' testimony.

Hill argues that "The R&R found the government's sole witness, Officer Spurling, knowingly provided false testimony during the suppression hearing about obtaining verbal consent to search the car. This adverse credibility finding undermines the entirety of Officer Spurling's testimony. Officer Sette, called to impeach Officer Spurling through his body camera recording, also knowingly

---

[18] The Government timely responded. ECF No. 56.

[19] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22 (9th Cir. 2003).

[20] *Id.*

[21] *Id.* (stating that a "district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise") (emphasis in original).

[22] *See* L.R. IB 3-2(b) (requiring de novo consideration of specific objections only).

provided false testimony about observing Officer Spurling obtain consent."[23] So "[t]his Court . . . should find both officers lack credibility and reject their testimony as to the basis for the stop" and suppress "all fruits of" their "unjustified stop."[24]

Hill's characterization of the unreliability of the officers' testimony is exaggerated. Judge Foley did not find that either officer provided "knowingly false" testimony. He merely stated that he had "doubts regarding Officer Spurling's testimony that he obtained consent to search the Grand Marquis."[25] Judge Foley noted that the alleged exchange between Officer Spurling and the driver, Mr. Nelson, was not picked up on Officer Sette's body-camera microphone, and Officer Sette testified that he did not hear this exchange and thus could not corroborate it. The magistrate judge also referenced Metro's consent policy, which permits an officer to obtain verbal consent to search "if all information requested on the written consent form is provided to the subject and such notification is documented in an Officer's Report or Arrest Report."[26] The lack of corroborative evidence and the amount of information required to satisfy Metro's consent policy justified Judge Foley's doubts that Officer Spurling did all that was required to obtain proper verbal consent to search the Grand Marquis.

But those doubts did not contaminate the reliability of the officers' testimony about the basis for their stop. Judge Foley explained that he did "not have a reasonable basis to reject both officers' testimony that the automobile's headlamps were off"[27] and he found that testimony "credible."[28] As Judge Foley noted, both officers testified that they observed the vehicle pull out of an apartment

---

[23] ECF No. 45 at 12.

[24] *Id*.

[25] ECF No. 41 at 5.

[26] *Id*. at 4 (quoting Defendant's Hearing Exhibit A).

[27] ECF No. 41 at 5.

[28] *Id*.

complex without its headlights on and that they stopped the car "for no headlights."[29] And Hill "did not introduce any evidence to directly contradict the officers' testimony."[30] Rather, Hill's "sole basis for disputing the officers' testimony is the apparent or implied assertion that their testimony is not credible."[31] And Judge Foley found no "reasonable basis to reject both officers' testimony that the automobile's headlamps were off" and thus found it "credible."[32]

I find that these reasons adequately support the finding that the officers' testimony about the stop was reliable, even with the magistrate judge's doubts about consent. Like any factfinder, magistrate judges presiding over suppression hearings are "entitled to believe parts and disbelieve other parts" of a witness's testimony, and their assessments are entitled to substantial deference.[33] The fact that the officers—one of whom was called by the defense—both testified that the stop was conducted because they observed the Grand Marquis traveling without its headlights illuminated bolsters the reliability of this testimony. And the absence of contradictory evidence is further support for it.[34]

Two additional pieces of evidence in the record further support Judge Foley's finding that the stop was lawfully based on the officers' observance of the Grand Marquis without its lights on. First, *something* drew the officers' attention to this vehicle during their patrol—something significant enough to cause them to perform a U-turn in order to follow and stop the Grand Marquis, and there is no evidence on the body-camera recording of the pursuit that suggests another basis. Hill does not dispute that this maneuver took place and that such a maneuver seems unlikely had the

---

[29] ECF No. 44 at 10:4–9 (Spurling); *id.* at 105:17-22 (Sette).

[30] ECF No. 41 at 5.

[31] *Id.*

[32] *Id.*

[33] *United States v. Norman*, 776 F.3d 67, 78 (2d Cir. 2015).

[34] Although the magistrate judge also noted that "[i]t appears" that the headlights "may have been illuminated" after the stop and the officers did not cite the driver for this infraction, ECF No. 41 at 4, it is also entirely possible that the driver switched the headlights on after the officers first saw the car and began their pursuit.

officers not observed a violation of a traffic law.  Second, ATF Special Agent Michael LaRusso's report of the incident states that the driver "Nelson acknowledged" in a subsequent telephonic interview "that he forgot to turn on the vehicle headlamps."[35]

I thus find that the record well supports Judge Foley's decision to credit the officers' testimony about the basis for their traffic stop and resulting conclusion that the stop was based on probable cause to believe that NRS 484D.100.1 was being violated.  And because I agree with Judge Foley's assessment of the evidence of probable cause and no poisonous tree was planted, I need not and do not reach Hill's exclusionary-rule argument.

## II. Hill's motion in limine and the Government's motion to strike his supplement to his motion in limine

In a companion request, Hill moves in limine under Federal Rule of Evidence 104(a) to preclude the Government from offering the testimony of Officers Spurling and Sette at trial.  He argues that this aggressive remedy is required because these witnesses "have demonstrated their willingness to provide knowingly false testimony about obtaining consent [and, therefore,] . . . are not witnesses the Government can, consistent with Mr. Hill's due process rights, put on the stand to testify under oath at trial."[36]

But Judge Foley did not cast such strong aspersions, and having listened to and read the officers' evidentiary-hearing testimony, neither do I.  So I conclude that Hill has not provided a factual or legal basis to gut the Government's case in this manner, and I deny Hill's motion in limine. Hill did not request—and I did not grant him—leave to file the supplement to his reply in support of this motion in limine, and the local rules do not authorize supplements.[37]  But the Government was given the benefit of a supplement to its response to the motion to suppress, and the Government had ample opportunity to respond to this supplement, so I decline the request to strike it.  Even with the supplement, Hill has not demonstrated that Judge Foley's collective findings about Officer

---

[35] ECF No. 25-1 at 2 (Exhibit 1 to Government's opposition to the motion to suppress).

[36] ECF No. 47 at 5.

[37] *See, e.g.,* LCR 47-1, 47-2.

Spurling's credibility on two points over two separate cases compels the exclusion of Officers Spurling and Sette from trial.

**III.    Conclusion**

Accordingly, IT IS HEREBY ORDERED that Hill's objections to Magistrate Judge Foley's report and recommendation **[ECF No. 45] are OVERRULED**; Judge Foley's report and recommendation **[ECF No. 41] is ADOPTED**; Hill's motion to suppress **[ECF No. 21] is DENIED.**

IT IS FURTHER ORDERED that Hill's motion in limine **[ECF No. 47] is DENIED**; and the Government's motion to strike Hill's supplement to his motion in limine **[ECF No. 64] is DENIED.**

Dated June 14, 2017

_____
Jennifer A. Dorsey
United States District Judge