UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| United States of America, | Case No.: 2:16-cr-00114-JAD-GWF |
|---|---|
| Plaintiff | |
| v. | **Order Denying Motion for Sentencing Recommendation** |
| Ramsey Hill, | [ECF Nos. 116, 118] |
| Defendant | |

Defendant Ramsey Hill moves this court to recommend to the Bureau of Prisons (BOP) that he be permitted to serve the remainder of his 39-month sentence at a residential reentry placement and in home confinement.[1]  I deny the motion because Hill has not adequately justified such a recommendation.

**Background**

Hill picked up his first felon-in-possession-of-a-firearm conviction in 2014 and was sentenced to 44 months in custody, followed by three years of supervised release.[2]  That case was progressing at the same time as Hill's state assault-with-a-deadly-weapon matter, and the Nevada Department of Corrections (NDOC) erroneously released Hill into the community instead of transferring him to the BOP to serve his federal time.  Hill's accidental release came to a halt when he was arrested on a second felon-in-possession charge during a traffic stop a few months later.  He was sentenced to 39 months for the second case, followed by three years of supervised release.[3]  Hill appealed, and the United States Court of Appeals for the Ninth Circuit

---

[1] ECF No. 116.

[2] 2:13-cr-367-JAD-VCF.

[3] ECF No. 103 (judgment).

dismissed that appeal because his challenges were barred by his unconditional guilty plea.[4]  Hill now moves this court to recommend to the BOP that he be immediately transferred to a residential reentry center or home confinement to finish out his time.[5]

## Discussion

The power to decide where an inmate will serve any portion of his sentence rests with the BOP, which must consider—but is not required to follow—the sentencing court's placement recommendations.[6]  Hill asks this court to recommend that the BOP grant him maximum residential reentry placement and home confinement under 18 U.S.C. § 3624(c)(1) and (c)(2) for the final twelve months of his sentence.  He notes that his offense was a non-violent one, he has some health risks that place him at greater risk of impact from the COVID-19 pandemic, and that he has used his time in custody productively by working in the kitchen and through the BOP step down program.[7]  He adds that, if released to home confinement, he can assist his mother, who has significant medical issues.  He argues that he is not a risk of danger to the community if released.  The government takes no position on whether this court should provide such a non-binding recommendation to the BOP for Hill.[8]

---

[4] ECF No. 113 (appeal dismissal order).

[5] ECF No. 116.  Although Hill's pro se motion requests "compassionate release," his counseled supplement makes it clear that what he is requesting is a recommendation.  *See* ECF No. 118 at 4 ("Mr. Hill is requesting this Court recommend that he be placed in the halfway house immediately and given home detention starting on November 25, 2020 which is his eligibility date as determined by the BOP").

[6] *States v. Ceballos*, 671 F.3d 852, 855 (9th Cir. 2011) (per curiam) ("Section 3621(b) thus gives non-binding weight to recommendations made by the sentencing court. . . . Authority to determine place of confinement resides in the executive branch of government and is delegated to the Bureau of Prisons.").

[7] ECF No. 118.

[8] ECF No. 120.

Although the court remains sympathetic to Hill's documented tragic childhood, it does not find that the requested recommendation is warranted.  Just 27 years old when the court imposed this most recent sentence, Hill had already amassed a significant criminal history that included convictions for drugs, battery, DUI, assault with a deadly weapon, and two federal firearm offenses, putting him in the highest criminal-history category of VI.[9]  Though Hill was given the benefit of a probationary sentence for the assault-with-a-deadly-weapon conviction, that probation was revoked.[10]  And while his accidental release by the NDOC was no fault of his own, as this court noted at sentencing, "the reality is he quickly picked up another gun offense, and I do have to consider that."[11]

To be sure, I am heartened by Hill's step down to a less restrictive facility and productive use of his time, and I am deeply sympathetic to the concerns that COVID-19 can add to incarceration.[12]  But I find that Hill's robust and lengthy criminal history, past probation revocation, and act of committing a second firearm offense while on accidental release all foreshadow supervision challenges for him.  So the record simply does not support the recommendation that Hill requests at this time.

---

[9] PSR at 8–16.

[10] PSR at ¶ 46.

[11] ECF No. 112 at 34 (transcript of sentencing hearing).

[12] Hill does not suggest, and the BOP's website does not reflect, that any inmates at his facility have been infected with COVID-19.  *See* https://www.bop.gov/coronavirus/ (last visited 5/20/2020).

**Conclusion**

IT IS THEREFORE ORDERED that Defendant Ramsey Hill's Motion **[ECF Nos. 116, 118] is DENIED.**

Dated: May 20, 2020

_____
U.S. District Judge Jennifer A. Dorsey